UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLORIA THRONEBURG and,                    CASE NO.:
DANIEL C. THRONEBURG, JR.,

      Plaintiff,

vs.

WALMART STORES EAST, LP

      Defendant.

_____/

## DEFENDANT, WAL-MART STORES EAST, LP'S NOTICE OF REMOVALWITH INCORPORATED MEMORANDUM OF LAW

Defendant, WALMART STORES EAST, L.P. (hereinafter "WALMART"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this case from the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, with full reservation of rights, exceptions and defenses. As grounds for this Notice of Removal, WALMART states the following:

## I.      FACTUAL BACKGROUND

1.      This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441 with an amount in controversy exceeding the sum of

$75,000.00, exclusive of interest and costs.

2.      On or about May 3, 2021, Plaintiffs, GLORIA THRONEBURG AND DANIEL C. THRONEBURG, JR. (hereinafter, "Plaintiffs"), commenced a civil action against an entity called Walmart, Inc. in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, styled *Gloria Throneburg and Daniel C. Throneburg, Jr v. Walmart, Inc.,* and bearing Case No. 2021CA1779. [A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A"].

3.      Plaintiff's initial Complaint was served on Walmart, Inc.'s registered agent on May 14, 2021. [A true and correct copy of the Notice of Service of Process and Summons is attached hereto as composite Exhibit "B"].

4.      On June 18, 2021, Plaintiffs filed their Amended Complaint and named the correct owner or operator of Walmart Store No. 3370, where the alleged accident occurred. The Amended Complaint, names Wal-Mart Stores East, L.P. ("WALMART") [A true and correct copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit "C"].

5.      Defense counsel agreed to accept service, and therefore the operative Amended Complaint was deemed to have been served on WALMART on June 18, 2021.

6.      Plaintiffs' Amended Complaint asserts one count of negligence against WALMART and one count for loss of consortium. [*See* Ex. C].

Specifically, Plaintiffs allege that, on March 11, 2018, Plaintiff, Gloria Throneburg, was in the process of shopping for a bicycle. While checking the bicycle, the bicycle seat failed and Plaintiff fell to the ground hitting her head on shelving located adjacent to the bicycle display.  [*See* Ex. C, ¶¶ 5-6].  Plaintiff alleges that she suffered bodily injury that resulted in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, and aggravation of previously existing condition.  [*See* Ex. C, ¶ 10].

7.     Plaintiffs allege that WALMART breached its duties to them and she they are entitled to recover damages because Defendant's employees, while acting within the course and scope of their employment, failed to keep a bicycle it showcased for sale in a reasonably safe condition, failed to properly assemble the bicycle, allowed the bicycle to be accessed by its business invitees, without supervision, failed to warn of the dangerous condition created by the improperly assembled bicycle, failed to supervise, monitor and/or otherwise assist its business invites while sampling the bicycles on display. [*See* Ex. C, ¶ 9 (a)-(h)].

8.     Plaintiffs, Gloria Throneburg and Daniel C. Throneburg, Jr. are "residents domiciled in Manatee County," which is the county where the incident occurred. *See* Ex. "C" at ¶ 2.  Moreover, so as to confirm evidence of their citizenship for jurisdictional purposes, WALMART retained a private investigator

to perform a comprehensive background check on the Plaintiffs.   [A true and correct copy of the Declaration of Helene Baum is attached hereto as Exhibit "D"]

9.     On June 25, 2019, prior to commencement of this lawsuit, Plaintiff Gloria Throneburg submitted correspondence to Claims Management, Inc., which indicated that ***Plaintiff incurred over $34,900.00 in medical bills and advised that the amount is still rising as she is still under the care and treatment of her doctors.*** Additionally, ***the correspondence indicated that Plaintiff's future conservative treatment expenses will approach $59,400.00***. Added together, the total sum exceeds the necessary threshold. [A true and correct redacted copy of Plaintiff's Demand Letter is attached as Exhibit "E"].[1]  This figure is exclusive of non-economic damages Plaintiff is claiming.     Additionally, Plaintiff Daniel C. Throneburg is claiming unspecific damages for loss of consortium.

10.     As demonstrated below, WALMART is a corporation organized and existing under the laws of Delaware, with its principal place of business in Arkansas.

11.     This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

---

[1] Walmart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information.  Should the Court wish to see these documents, Walmart can provide same for an *in camera* inspection.

4

12.    In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after service on WALMART of Plaintiffs' Amended Complaint.  [*See* Ex. C].   Therefore, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

13.    A true and correct copy of all process, pleadings, and other papers and/or exhibits of every kind filed with the state court in this action, along with a docket sheet from the Clerk of Court, are attached hereto as composite Exhibit "F" as required by 28 U.S.C. § 1446(a).

14.    Following the filing of this Notice of Removal with this Court, WALMART will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written notice thereof to all parties.

15.    WALMART reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.    <u>REMOVAL IS TIMELY</u>

16.    In accordance with 28 U.S.C. § 1446(b)(1), WALMART files this Notice of Removal within thirty (30) days of its receipt and service of Plaintiffs' Amended Complaint.  Plaintiffs' Amended Complaint is the initial pleading setting forth the claim for relief upon which Plaintiffs' action is based.  The thirty (30) day period commenced on June 18, 2021, when Plaintiffs filed their Amended

Complaint naming the correct party, Wal-Mart Stores East, L.P.

17.    Venue is proper in this Court because the Twelfth Judicial Circuit where Plaintiff filed her state court Complaint is located in Manatee County, Florida, which is located within the United States District Court for the Middle District of Florida, Tampa Division.

### III.    THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

18.    The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by WALMART, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

A.    This is an action between citizens of different states; and

B.    This is a civil action in which the amount of the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

### A.    Citizenship of Plaintiffs, Gloria Throneburg and Daniel C. Throneburg, Jr.

19.    Plaintiffs' Amended Complaint specifically alleges that Plaintiffs are Florida residents domiciled in Manatee County, Florida. [*See* Ex. C, ¶ 2].

20.    "It is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's

domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009).

20.     However, WALMART also engaged a private investigator to conduct a comprehensive background check in order to prove Plaintiffs' intent to remain Florida residents, so as to fully establish that this Court has jurisdiction over this matter pursuant to diversity of citizenship. [*See* Ex. D].

**B.   Citizenship of WALMART**

22.     WALMART is not a citizen of the State of Florida for diversity purposes in that it is not incorporated under the laws of the State of Florida and because it does not have a principal place of business in Florida.

23.     Wal-Mart Stores East, L.P., is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner.  These are the only partners of Wal-Mart Stores East, L.P. WSE Management, LLC and WSE Investment, LLC were at the time of the filing of the Complaint, and still are, Delaware Limited liability companies.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc.  Wal-Mart Stores, Inc., is and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.  The principal place of business for all entities mentioned

7

is Bentonville, Arkansas.  At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida.  [*See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached hereto as Exhibit "F"].

24.    A corporation is deemed a citizen of the state in which it is incorporated and in which its principal place of business is located.  28 U.S.C. § 1332(c).  *See Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.").  Accordingly, in the present action, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332.

## IV.    AMOUNT IN CONTROVERSY

25.    Furthermore, the statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, has been satisfied because Plaintiffs seek damages that exceed the minimum jurisdictional threshold.

26.    Here, Plaintiff's Complaint alleges that she sustained serious and permanent injuries and damages from the subject accident that exceed the Circuit Court's $30,000.00 jurisdictional minimum.  [*See* Ex. C, ¶¶ 1, 9].  While the Complaint does not specify an amount in controversy, it is clear from Plaintiff's

Demand Letter and medical bills that her claimed damages exceed this Court's jurisdictional minimum of $75,000.00.   [*See* Ex. C].   *See Mick v. De Vilbiss Air Power Co.*, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (finding that pre-suit settlement demand letters are competent evidence of the amount in controversy); *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (holding that the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from plaintiffs' pre-suit demand package).

27.    Where, as here, the Plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a ***preponderance of the evidence*** that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis added); *see also, Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

28.    "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the

time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

29.   Plaintiff's itemized and specifically detailed Demand Letter establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.  Specifically, Plaintiff's Demand Letter and supporting medical records and bills, indicate that Plaintiff has incurred over $34,900.00 in medical bills and that amount is "still rising as she is still under the care and treatment of her doctors." The letter also indicates that her future conservative treatment expenses will approach $59,400.00 over her lifetime.

[*See* Ex. D, Demand Letter, at p. 2, and attached Medical Bills].

30.   Additionally, Plaintiff's Complaint alleges damages for pain and suffering, permanent impairment/disability, mental anguish, loss or diminution of earnings or earning capacity, and the alleged need for future medical care.  [*See* Ex. C, ¶ 9]. Finally, Plaintiff, Daniel Throneburg alleges a claim for loss of consortium.  *See* Ex "C" at ¶ 11-13.

31.   Plaintiff's representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

32.     District courts have consistently held that the amount in controversy is satisfied by a showing that a plaintiff's pre-suit demand letter demonstrates the plaintiff's past medical bills exceed $75,000.00.  For instance, in *Stramiello v. Petsmart, Inc*., 2010 WL 2136550, at *3 (M.D. Fla. 2010), the Middle District determined that the defendant established the amount in controversy exceeded the $75,000 jurisdictional minimum because the plaintiff's medical bills exceeded $108,000.00 and plaintiff alleged that her injuries were permanent and she would seek recovery of future medical expenses and pain and suffering.  *Id.*  The court found the defendant established complete diversity and that the amount in controversy exceeded the jurisdictional threshold; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

33.     Similarly, in *Katz v. J.C. Penney Corp*., the district court concluded that the removing defendant properly established the amount in controversy by addressing information received from plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4.  The Court specifically noted it was persuaded that the pre-suit demand package reflected an "honest assessment" of damages by plaintiff because, like Plaintiff's Demand Letter in this case, it was based on medical records provided by the plaintiff.  *Id.*

34.     Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical

expenses and would incur an additional $1,000,000.00 in future medical expenses as a result of her accident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount in controversy, but only plead that her damages were in excess of $15,000, the court denied plaintiff's motion to remand finding that plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

35. In the instant matter, Plaintiff's Demand Letter, and supporting medical records, which specify that Plaintiff's past and future medical expenses exceed $75,000.00, is an honest assessment of her claimed damages in the present matter that is based on the following: (1) Plaintiff's medical records and bills attached to the Demand Letter; (2) Plaintiff's alleged injuries, which include a bulging discs at C3-4 and C4-5, herniated discs at C5-6 and C6-7 and straightened alignment suggesting muscle spasm; and (3) Plaintiff's alleged need for future medical care, all of which exceed this Court's $75,000 jurisdictional threshold. [*See* Ex. C].

36. Therefore, the evidence demonstrates that Plaintiff's claimed damages in the present case far exceed $75,000. Accordingly, WALMART has shown by a preponderance of the evidence that the amount in controversy exceeds the Court's

jurisdictional minimum, thus rendering removal proper.

## V.   <u>CONCLUSION</u>

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiffs and WALMART are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, original jurisdiction of this matter is vested in this Court and WALMART respectfully requests that this action proceed in this Court as a matter properly removed.

**WHEREFORE**, Defendant, WALMART respectfully requests that this action currently pending in the Circuit Court for Manatee County, Florida be removed to the United States District Court for the Middle District of Florida, Tampa Division, and that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted on this 16th day of July, 2021.

/s/ **William H. Edwards, Esquire**
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No.: 43766
wedwards@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

**/s/ William H. Edwards, Esq.**
William H. Edwards, Esq.

## SERVICE LIST

David Becker, Esquire
BECKER & LINDAUER, LLC
11023 Gatewood Drive, Suite 103
Bradenton, FL 34211
Telephone:  (941) 567-6728
Primary Email: service@blfllaw.com
Secondary Email: dave@blfllaw.com

14